FILED
United States Court of Appeals
Tenth Circuit

March 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JACQUELYNE JONES,

Plaintiff - Appellant,

v.

JOHN MCHUGH, in his official capacity
as Secretary of the Department of the
Army,

Defendant - Appellee.

No. 14-3159
(D.C. No. 2:12-CV-02681-DDC-TJJ)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

Jacquelyne Jones, a former civilian employee of the Army, brought this pro se

employment discrimination action alleging that several work-related incidents at the

Army's Fort Leavenworth Combined Arms Center (CAC) reflected multiple forms of

discrimination (race, religion, national origin, gender, disability, age, non-military

affiliation) and retaliation against her. The defendant, Secretary of the Army John

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

McHugh, filed a motion to dismiss or, in the alternative, for summary judgment. The district court granted the motion on all claims. Ms. Jones appeals, but challenges the district court's order only as it relates to a claim involving the removal of some supervisory duties from her job description as an operations specialist. On de novo review of this ruling, *see Ward v. Utah*, 398 F.3d 1239, 1245 (10th Cir. 2005) (conducting de novo review of summary judgment, but only as to matters challenged on appeal), we affirm for substantially the reasons stated by the district court.

## I. BACKGROUND

Ms. Jones's pleading in this case references three EEOC complaints from her time at CAC. The first of these complaints included her claim that supervisory responsibilities were removed from her job description for statutorily proscribed reasons. Although this appeal concerns only this one particular incident, it should be seen in the context of surrounding events.[1]

Ms. Jones came to work for CAC as an operations specialist in November 2006. Although she was not formally designated a supervisor, 15 percent of her specified duties involved supervision over two other CAC employees. By March 2007, one of Ms. Jones's supervisors, Major Suzanne Self, had heard concerns about

---

[1] Because Ms. Jones failed to properly put in dispute the detailed facts set out in Secretary McHugh's motion, the district court accepted those facts—which it also concluded were supported by record evidence—as true for purposes of summary judgment, pursuant to D. Kan. R. 56.1. *See* R. at 1410. We follow the same course in our factual summary here, although in our ensuing merits review we will address particular evidentiary contentions Ms. Jones has advanced on appeal.

Ms. Jones's treatment of her subordinates, from the subordinates themselves and others. Major Self and Captain Christian Nafziger (Ms. Jones's immediate supervisor) had discussions with Ms. Jones and the employees to address the concerns constructively. No disciplinary action was taken.

In the meantime, CAC resource management officer Stephen Spataro reported on the results of an Army manpower survey that recommended CAC lose positions, including two in Major Self's section. While meeting with Mr. Spataro, Major Self learned that an impending conversion to the National Security Personnel System was expected to result in a number of supervisory positions being reclassified as nonsupervisory. In that connection, Mr. Spataro told Major Self that the general rule recognized by the Army was that a position should entail oversight of 10 to 15 subordinates before being classified as supervisory.

Shortly thereafter, a human relations specialist informed Major Self and Captain Nafziger Ms. Jones's job duties should have been at least 25 percent supervisory to constitute a proper supervisory position. The specialist further noted that Ms. Jones's position was not designated as supervisory.

After verifying that removing her supervisory duties would not affect Ms. Jones's title, series, or pay grade, Major Self and Captain Nafziger revised the position description and reassigned the supervisory duties directly to Captain Nafziger, thereby reducing the levels of management oversight. Ms. Jones

characterizes this action as a demotion and attributes it to statutorily proscribed motives.

## II.  **ANALYSIS**

Without direct evidence of improper motive, assessment of the case on summary judgment involved the circumstantial burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which broadly governs discrimination and retaliation claims alike, *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1195 (10th Cir. 2011).  This framework sets out three steps: (1) "the plaintiff must first establish a prima facie case of discrimination or retaliation," (2) "[t]hen, the defendant may come forward with a legitimate, non-discriminatory or non-retaliatory rationale for the adverse employment action," and (3) "[i]f the defendant does so, the plaintiff must show that the defendant's proffered rationale is pretextual."  *Id.*

The district court rejected Ms. Jones's claim regarding the removal of her supervisory duties at the latter two steps:

> [B]efore [Major] Self met with Jones to discuss the complaints made against her [by the two CAC employees she supervised], a CAC Resource management Officer told Self that the general rule in the Army is that an employee should have 10-15 subordinates before they are classified as a supervisor.  Jones had only two subordinates, and her position description clearly stated that she was an "Operations Specialist" rather than a "Supervising Operations Specialist."  After verifying that revisions to Jones's position description would not adversely affect Jones's title, series, grade, or pay, [Captain] Nafziger and Self submitted changes to Jones's position description.

Jones claims that she was discriminated against when supervisory duties were removed from her position description. Even if the Court assumes that the job change states a prima facie case of discrimination, defendant has articulated a legitimate, non-discriminatory reason for its action. . . . The burden then shifts back to Jones to establish that one of her protected class characteristics was a determinative factor in the employment decision or that defendant's reason for its action was merely pretextual. Jones fails to submit any evidence establishing either option[.]

R. at 1414-15. We agree that the explanation given for revising Ms. Jones's position description was facially legitimate and non-discriminatory and, thus, "absent evidence from which a reasonable fact-finder could conclude that [the] rationale was pretextual, summary judgment for [defendant] was appropriate." *Crowe*, 649 F.3d at 1196.

In that regard, Ms. Jones notes that her predecessor in the operations specialist position—who had been given the supervisory duties eventually removed after she took over the job—was a white male. We have recognized an inference of discrimination for purposes of a prima facie case may be shown by preferential treatment to employees outside the plaintiff's protected class. *See Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012). But to treat such prima facie evidence of discrimination here as pretext evidence as well is patently circular. An employer's explanation for an allegedly discriminatory act is not undermined as pretextual simply because the act thus explained had raised a circumstantial inference of discrimination; that inference is precisely what is accounted for and defused by the explanation. Rather, "[a] plaintiff demonstrates pretext by producing evidence of

- 5 -

such weaknesses *in the employer's proffered legitimate reasons for its action* that a reasonable factfinder could rationally find them unworthy of credence." *Estate of Bassatt v. Sch. Dist. No. 1 in the City & Cnty. of Denver*, 775 F.3d 1233, 1239 (10th Cir. 2014) (emphasis added) (ellipses and internal quotation marks omitted). As the above factual summary shows, the situation and information prompting revision of the position description arose after Ms. Jones took over, so noting the difference in the pre-revision description applicable to her predecessor does not point up any weakness in the defendant's legitimate, non-discriminatory explanation.

Her briefing is not very clear, but it appears Ms. Jones argues that Major Self's verified declaration explaining the reasons for modifying the position description should not count as sufficient evidence because corroboration for her statements was not provided. But the law recognizes such a declaration as effective evidence in summary judgment proceedings. *See* Fed. R. Civ. P. 56(c)(1)(A), (4); *see also Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005) (noting that although affidavits are hearsay in form, they properly govern on summary judgment so long as their content is admissible).[2] Ms. Jones also appears to argue that the

---

[2] Ms. Jones does not challenge the content of Major Self's declaration as being inadmissible. We note that statements Major Self recites from human resource personnel, for example about Army rules for supervisory positions, may be hearsay if offered to prove the truth of those statements, i.e., to prove the actual existence and nature of those rules. But that is not their relevance to the pretext analysis here, which turns on what Major Self herself thought the rules required, not whether her understanding was correct or incorrect. *See Johnson v. Weld Cnty.*, 594 F.3d 1202, 1211 (10th Cir. 2010). In that regard, what she had been told by human resource

(continued)

- 6 -

district court improperly relied on other, unverified or otherwise inadmissible materials. But Major Self's affidavit fully supports the district court's ruling, and the district court did not cite to other, impermissible evidence in support of its decision.

Ms. Jones also attacks Major Self's affidavit as contradictory, appearing to take exception to the affidavit's reciting particular discussions with human resource personnel without mentioning the manpower survey and impending loss of supervisory positions. There is no contradiction here. The discussions with human resource personnel concerned other issues—primarily the problems with Ms. Jones's position description leading to its revision.

Ms. Jones's briefing contains some additional assertions that are simply not material to our analysis of the dispositive issue of pretext. These matters do not warrant further discussion.

Finally, we note Ms. Jones has filed a motion to supplement the record with an appendix. In pro se appeals, the record forwarded by the district court clerk is used instead of an appendix, pursuant to 10th Circuit Rules 11.2(A) and 30.1. Much of the appendix Ms. Jones has submitted is duplicative of material already in the record. And consideration of material outside of the record before the district court is generally impermissible. *United States v. Kennedy*, 225 F.3d 1187, 1191-92

---

personnel was obviously probative of her relevant state of mind, regardless of whether what she was told was actually correct. Such statements, offered for their effect on the listener, are not hearsay. *See United States v. Smalls*, 605 F.3d 765, 785 n.18 (10th Cir. 2010).

- 7 -

(10th Cir. 2000).  Because the conclusory motion to supplement does not (1) identify what material, if any, was before the district court but not forwarded as part of our record for this appeal, (2) justify inclusion of any material that was not before the district court, or (3) provide any particularized explanation as to why the materials are necessary to the proper disposition of this appeal, we decline to grant the motion.

### III. **CONCLUSION**

The judgment of the district court is affirmed.  The motion to supplement the record is denied.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge